UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Team Tires Plus, Ltd., Civ. File No. 01-1197 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Mark Heartlein,

Defendant.

---

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. Defendant opposes the Motion and has moved separately to stay arbitration. In response, Plaintiff has moved to stay this matter (except for the preliminary injunction) pending arbitration. As indicated at the hearing, the Motion for Preliminary Injunction will be denied, Plaintiff's Motion to Stay will be denied, and Defendant's Motion to Stay will be granted.

**BACKGROUND**

In June 1997, Defendant Mark Heartlein ("Heartlein") entered into a franchise agreement with Plaintiff Team Tires Plus, LLC ("Tires Plus") for a Tires Plus service center in Galesburg, Illinois. As part of the franchise agreement, Heartlein agreed to pay royalties and other fees to Tires Plus. Heartlein asserts that he invested substantially all of his family's savings in the Galesburg franchise, purchasing auto service equipment, computer equipment, and securing a lease on the premises.

FILED NOV 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The franchise agreement contained a covenant not to compete, in which Heartlein agreed that he would not

> for a period of one (1) year following the effective date of the termination of this Agreement . . . own, operate, lease, franchise, conduct, engage in, be connected with, have any interest in, or assist any person or entity engaged in any retail or wholesale tire and/or battery service center or any other related business . . . that is in any way competitive with or similar to a Tires Plus business within a ten (10) mile radius of the franchised service center.

Franchise Agreement § 17.3. Heartlein also agreed that the limitations in the covenant not to compete were "reasonable and necessary time and distance [limitations] needed to protect the Company . . . and . . to permit the Company the opportunity to resell and/or develop a new Tires Plus business at or near the franchised service center." Id.

According to Heartlein, Tires Plus made certain representations regarding the income Heartlein could expect to earn from the Galesburg franchise. These representations were false, and Heartlein has never turned a profit at the Galesburg location. Heartlein concedes that he has not paid the required royalty payments for the franchise to Tires Plus for many months. Tires Plus purported to terminate the franchise agreement in December 2000, and in February 2001 asked Heartlein to "de-identify" the Galesburg site as a Tires Plus franchise and to comply with the terms of the covenant not to compete. Heartlein failed to comply to Tires Plus' satisfaction, and Tires Plus filed this lawsuit in July 2001. In relevant part, Tires Plus alleges trademark infringement, breach of contract, and breach of the covenant not to compete, and seeks an injunction to prevent Heartlein from using Tires Plus' marks and

breaching the non-compete. Tires Plus also recently filed an Amended Complaint, in which Tires Plus requests that Heartlein be required to assign the lease for the Galesburg store to Tires Plus.

Heartlein now avers that he has removed all Tires Plus identifying marks from the Galesburg store. He acknowledges that he continues to run the Galesburg location as an auto service center and contends that an injunction forcing him to close the business will drive him to financial ruin.

**DISCUSSION**

**A. Preliminary Injunction**

A preliminary injunction may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993).

1. Trademark Infringement

At the hearing on this matter, Tires Plus stated that it had no reason to doubt that Heartlein has removed all Tires Plus marks from the Galesburg store. Thus, Tires Plus does not have a likelihood of success on its claim of trademark infringement, and its request for

a preliminary injunction on this basis must be denied. However, because Tires Plus has yet to independently verify Heartlein's compliance with the request to de-identify the Galesburg store, the denial of the Motion will be without prejudice. Should Tires Plus discover that Heartlein has failed to remove Tires Plus' marks from the Galesburg store, it may renew its request for a preliminary injunction.

2. Breach of Covenant Not to Compete

Similarly, Tires Plus' Motion for a Preliminary Injunction on the basis of Heartlein's alleged breach of the covenant not to compete will be denied. Any damage suffered by Tires Plus as a result of the alleged breach is fully compensable by monetary damages. Thus, Tires Plus has failed to show that it will suffer irreparable harm absent the issuance of an injunction. The failure to show irreparable harm mandates the denial of Tires Plus' request for a preliminary injunction. See, e.g., Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc) (injunction may not issue without a showing of irreparable harm); Dataphase, 640 F.2d at 114 n.9 ("absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction").

**B. Motions to Stay**

Heartlein seeks a stay of the arbitration filed by Tires Plus shortly before Tires Plus filed its Complaint in this matter. In response, Tires Plus has moved to stay this matter so that the parties can proceed with arbitration.

The Supreme Court has made clear that federal policy favors arbitration. Moses H.

Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (noting the "liberal federal policy favoring arbitration agreements"). In cases such as this, in which both entities need to avoid the long-term uncertainty of litigation, arbitration is especially helpful. Thus, Defendant's motion will be granted, and this matter will be stayed pending arbitration. As stated at the hearing, if the parties wish to modify the scheduling order to include time for the arbitration, they may do so.

**CONCLUSION**

Based on the files, record, and proceeding herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction is **DENIED without prejudice**;
2. Defendant's Motion for Stay of Arbitration is **DENIED**; and
3. Plaintiff's Motion to Stay Pending Arbitration (Clerk Doc. No. 14) is **GRANTED**.

Dated: November 20, 2001

Paul A. Magnuson
United States District Court Judge