UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MINNESOTA
FOURTH DIVISION

Team Tires Plus, LLC,

Plaintiff,

-vs-

Mark Heartlein, Karrie Heartlien and Karmark, Inc.,

Defendants.

Case No. 01-1197 (JEL/JGL)

**STIPULATION AND ORDER AMENDING PRETRIAL SCHEDULE**

* * *

The parties, through their respective counsel of records, do hereby stipulate and agree to the following amended, pretrial schedule:

1. The period during which the parties may conduct discovery shall terminate on **January 3, 2003**. Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate motion, and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule. Discovery is to be noticed and served in sufficient time for responses to be served by the deadline stated above;

2. All motions which seek to amend the pleadings or add parties must be filed and the hearing thereon completed on or before **April 1, 2002**;

FILED OCT 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

3. All other non-dispositive motions, specifically those which relate to discovery and the discovery period, shall be filed and served prior to **January 10, 2003**. All non-dispositive motions shall be scheduled for hearing by calling Mary Lenner, Secretary for Magistrate Judge Jonathan G. Lebedoff. All non-dispositive motions shall be scheduled, filed, and served in accordance with Local Rule 7.1(a). A total of fifteen minutes will be allotted to each party who appears to present argument on the motion. The moving party may reserve up to five of the fifteen minutes for rebuttal. No discovery motion shall be heard unless the moving party files with the motion the statement required by local Rule 37.1 and complies with the requirements of Local Rule 37.2;

4. No more than **30** interrogatories (counted in accordance with Fed. R. Civ. Pro. 33) shall be served by any party;

5. No more than **10** depositions (excluding expert depositions) shall be taken by any party without prior order of the court;

6. That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosures shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Fed. R. Civ. P. 26(a)(2)(B), the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefore;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions. Each party's initial disclosures shall be made on or before **November 2, 2002**. Each party's rebuttal disclosures, if any, shall be made on or before **December 2, 2002**.

7. The parties contemplate taking expert depositions;

8. Each party shall fully supplement all discovery responses every 90 days, as such information becomes known. Any evidence responsive to a discovery request which has not been disclosed before the trial date, except for good cause shown, shall be excluded from evidence at trial;

9. All dispositive motions shall be served, filed, and fully briefed prior to **February 21, 2003**. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive motion on the calendar;

10. This case shall be ready for trial on **May 5, 2003**, at which time the case will be placed in the court's calendar.

AGREED:

Dated: October 3, 2002.

**MACKALL, CROUNSE & MOORE, PLC**

By: ______________________________

Lawrence R. Commers (18235)
Tim A. Staum (190470)
1400 AT&T Tower
901 Marquette Ave.
Minneapolis, MN 55402
(612) 305-1400

Attorneys for Plaintiff
Team Tires Plus, Ltd.

Dated: 10/1, 2002.

**D. CLAY TAYLOR, P.A.**

By: ______________________________

D. Clay Taylor (#204857)
1300 Nicollet Mall
Suite 5002
Minneapolis, MN 55403
Phone (612) 904-7376
Fax (612) 904-7377

Attorneys for Defendant
Mark Heartlein

SO ORDERED:

Dated: October 4, 2002.

BY THE COURT

______________________________

Joan Erickson Lancaster
United States District Court Judge