UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| TEAM TIRES PLUS, LTD., Plaintiff and Counterclaim-Defendant, -vs- MARK HEARTLEIN, et al., Defendants and Counterclaim-Plaintiffs. | Case No. 01-CV-1197 JEL/JGL **STIPULATED AND ORDERED CONFIDENTIALITY AGREEMENT** |

* * *

Pursuant to Fed. R. Civ. P. 26(c)(7), Plaintiff and Counterclaim-Defendant, Team Tires Plus, Ltd. ("Tires Plus"), and Defendants and Counterclaim-Plaintiffs, Mark Heartlein ("Heartlein") and Karmark, Inc. ("Karmark"), stipulate, and the Court orders, that the following Confidentiality Agreement shall apply in this action. Tires Plus, Heartlein and Karmark are referred to as the "Affected Parties."

1. Identification of Confidential Information. Any document that is produced in this action and is stamped "Confidential – Subject to Protective Order" shall be designated as "Confidential Information," and made subject to the protection provided by this Confidentiality Agreement. It is agreed and understood that neither party shall have the right to designate as "Confidential" any document, information or testimony given or produced prior to the date of this Stipulation and Order.

2. Protection of Confidentiality. Confidential Information, and any notes, summaries, memoranda, exhibits, deposition transcripts or other documents which include or describe Confidential Information, shall be retained by counsel for the party to whom disclosure of the Confidential Information was made ("the recipient party"), and, except as provided in this Confidentiality Agreement, shall not be disclosed to any person not involved in this litigation, or used by counsel for any purpose other than for purposes of this action. Persons to whom access to Confidential Information is given pursuant to this Confidentiality Agreement shall keep such information, and any copies, abstracts, or summaries of such information, secure in accordance with the purposes and intent of this Confidentiality Agreement and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use, and non-disclosure including, without limitation, such precautions as protection against copying and provision for safekeeping.

3. Access to Confidential Information. Persons entitled to have access to Confidential Information shall be restricted to (i) the lawyers charged with the responsibility for, or actively engaged in, preparation for trial or the trial of this action; (ii) any litigation assistant or paralegal employed by and assisting such counsel, and stenographic, secretarial or clerical personnel employed by and assisting such lawyers in this action; (iii) any outside expert who is to assist counsel in preparation for trial in this suit and any litigation assistant, paralegal, stenographic

FILED JAN 02 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

secretarial, or other personnel employed by the expert to assist such expert in this action; (iv) any deponent in a deposition taken in connection with this action; (v) any court reporter or typist recording or transcribing testimony in this action; (vi) any party to this action represented by counsel; and (vii) the Clerk of Court, any Honorable Judge of this Court, including law clerks, courtroom deputies or other Court staff.

4. Conditions to Access to Confidential Information. Before disclosure of Confidential Information is made to any person listed in paragraphs 3(iii) or 3(iv), above, that person shall first read a copy of this Confidentiality Agreement, agree to be bound by it, and sign a written agreement, a copy of which is appended as Exhibit A to this Confidentiality Agreement, verifying the person's agreement to be bound by this Confidentiality Agreement. Each party's counsel shall maintain a list of all persons to whom that party discloses Confidential Information and shall retain a copy of all Confidentiality Agreements signed by those persons indicated above. The identity of any person to whom disclosure is made, and a copy of the Confidentiality Agreement signed by that person, shall be disclosed to the person which furnished or designated the Confidential Information, upon order of the Court for good cause shown.

5. Use of Confidential Information at Trial. This Confidentiality Agreement does not purport to address the use of Confidential Information or documents at the trial in this action. The Affected Parties agree to give each other seven (7) days notice before using any Confidential Information or documents at trial. If the Affected Parties are unable to agree as to how such Confidential Information will be treated for these purposes, an appropriate ruling shall be sought from the Court.

6. Limitation on Copying. No copies, summaries, or abstracts of Confidential Information shall be made by a party or its trial counsel for distribution or use by persons other than those described in Paragraph 3 of this Confidentiality Agreement.

7. Confidential Information to be Filed With Court Under Seal. Documents containing Confidential Information shall not be filed with the Court unless under seal. If necessary for the resolution of a motion of other matters pending before the Court, such Confidential Information shall be provided only to the judge before whom the matter is pending, and shall not be filed with the Clerk of Court unless under seal, if the Court so permits. The fact that Confidential Information is being provided to the judge shall be brought to the Court's attention, by labeling all related pleadings and other documents as "Filed Under Seal" in the caption of said pleadings and documents.

8. Re-designation of "Confidential Information". If an Affected Party objects to the designation of a document, testimony, or information as "Confidential Information" under this Confidentiality Agreement, the objecting party may seek its Re-designation by whoever originally made such designation. If the designating party refuses to re-designate the material, the party seeking the re-designation may apply to the Court for a ruling that the document, testimony, or information shall not be designated as "Confidential Information." In that event, the burden shall be upon the designating party to demonstrate sufficient good cause justifying the designation. Until the Court enters an appropriate order changing the designation of the affected document, testimony or information, it shall continue to be treated as Confidential Information in accordance with this Confidentiality Agreement.

9. Amendment. This Confidentiality Agreement may be amended by the written agreement of counsel for the parties and any interested persons in the form of a stipulation that shall be approved by the Court and filed in this action.

10. Disposition on Termination of Action. After the final termination of this action, and unless the parties and any interested person agree otherwise, each party shall: (i) assemble and make available for return to the producing person all materials, documents, summaries, and abstracts containing Confidential Information; (ii) make available for return to the producing person, or destroy every portion of other materials, memoranda, or documents purporting to reproduce or paraphrase Confidential Information; and (iii) certify in writing that the procedures set forth have been completed.

11. Deposition Testimony. Affected Parties may designate portions of deposition transcripts as Confidential Information by notifying the opposite party in writing of the pages of the transcript to be so designated. Again, this stipulation and order shall not relate in any fashion to deposition testimony given by any person in this action prior to the date of this stipulation and order, and no such testimony shall be designated by either party as "Confidential."

AGREED:

Lawrence R. Commers
Tim A. Staum
MACKALL, CROUNSE & MOORE, PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859
Telephone: (612) 305-1400
Facsimile: (612) 305-1414

Peter R. Silverman (0001579)
SHUMAKER, LOOP & KENDRICK, LLP
North Courthouse Square
1000 Jackson Street
Toledo, Ohio 43624
Telephone: (419) 241-9000
Facsimile: (419) 241-6894
psilverm@slk-law.com

Attorneys for Plaintiff and Counterclaim-Defendant Team Tires Plus, Ltd.

D. Clay Taylor, P.A.
5002 Hyatt Merchandise Mart
1300 Nicollet Mall
Minneapolis, MN 55403
Telephone: (612) 904-7376
Facsimile: (612) 904-7377

Attorney for Defendants and Counterclaim-Plaintiffs Mark Heartlein and Karmark, Inc.

**SO ORDERED.**

Judge Joan Erickson Lancaster

EXHIBIT A.

## *ACKNOWLEDGEMENT OF CONFIDENTIALITY ORDER & AGREEMENT TO BE BOUND*

______________________________ states and agrees as follows:

1. That he/she resides at the following address: ______________________ ______________________, in the city of ______________________, and state of ______________________, zip code ______________________.

2. That he/she has read and understands the protective order dated __________ and entered by the United States District Court for the District of Minnesota in that action *Team Tires Plus, Ltd. v. Karmark, Inc., Mark Heartlein and Karrie Heartlein*, D. Minn. No. Case No. 01-CV-1197 JEL/JGL (the "Litigation").

3. That he/she is currently employed by ______________________ located at ______________________, and that his/her current job title is ______________________.

4. If other than attorneys or parties (or their principals), I do hereby disclose that my area of expertise is: ______________________, and the purpose for which I have been granted to access to Confidential material in the above matter is: ______________________.

5. That he/she does hereby agree to comply with and be bound by the provisions of the Confidentiality Agreement and Protective Order in the above titled Litigation.

6. That he/she will not divulge to persons other than those specifically authorized by said Confidentiality Agreement and Protective Order, and will not copy or use, except solely for the purposes of this litigation, any documents, information or things designated as "CONFIDENTIAL" as defined by said Confidentiality Agreement and Protective Order.

7. The he/she does submit himself/herself to the jurisdiction of the United States District Court for the District of Minnesota for purpose of enforcing, modifying or seeking relief from the Confidentiality Agreement and Protective Order.

8. That as soon as practical, but no later than thirty (30) days after he/she is notified of the termination of this legal action, he/she will return to counsel, from whom he/she received same, all documents, pleadings, transcripts or other items containing or referring to material labeled "CONFIDENTIAL." This includes all copies of said materials as well as any summaries of same.

9. That he/she understands and appreciates that any violation of the Confidentiality Agreement and Protective Order may potentially subject him/her to sanction by the Court, including punishment for civil contempt.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_________________________________
[NAME]

Sworn and Subscribed Before Me
This ____ day of ___________, _______.

_________________________________
Notary Public.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.